

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

November 16, 1956

Honorable Gordon H. Lloyd
Executive Secretary
Employees Retirement System of Texas
Austin 11, Texas

Opinion No. S-221

Re: Whether a retired judge may
serve as County Judge and re-
ceive pay therefor, and at
the same time receive benefits
under the Judicial Retirement
Act.

Dear Mr. Lloyd:

You have requested an opinion whether a person eligible
for retirement under the Judicial Retirement System "can occupy
the position of County Judge and, at the same time, receive a
retirement annuity under the provisions of the Judicial Retirement
Act".

Section 7 of Article 6228b, Vernon's Civil Statutes,
(Judicial Retirement Act) provides:

> "Judges retired under the provisions
> of this Act shall be judicial officers of the
> State, and during the time they are receiving
> retirement pay shall not be allowed to appear
> and plead as attorneys at law in any Court of
> record in this State, and shall, with their
> own consent, be subject to assignment by the
> Chief Justice of the Supreme Court to sit in
> any Court of this State of the same dignity,
> or lesser, as that from which they retired,
> and if in a District Court, under the same
> rules as provided by the present Administra-
> tive Judicial Act, and while so assigned, shall
> have all the powers of Judges thereof. While
> assigned to said Court such Judges shall be paid
> an amount equal to the salary of Judges of said
> Court, in lieu of retirement allowance."
> (Emphasis added.)

Under the provisions of the above Act, when a District Judge retires from office he continues to draw a monthly salary as a judicial officer of the State of Texas. Therefore, it is our opinion that a Judge receiving retirement benefits under the provisions of Article 6228b holds a civil office of emolument.

The office of County Judge is a civil office of emolument, Article V, Sec. 15, Tex. Const.; Williams v. Huntress, ____ Tex. ____, 272 S.W.2d 87, 89 (1954); Peden v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, error ref.).

We agree with the District Judge who contemplates retiring under the provisions of Article 6228b that there is no provision in the retirement statutes that would prohibit him from drawing retirement pay while he is serving as County Judge; however, Section 40 of Article XVI of the Constitution of Texas provides that no person shall hold or exercise at the same time more than one civil office of emolument. (Exceptions not applicable). Therefore, you are advised that under the provisions of Section 40 of Article XVI of the Constitution of Texas a person cannot hold or exercise the office of County Judge and at the same time hold or exercise the office of Retired Judge and receive a retirement annuity under the provisions of Article 6228b.

In connection with the foregoing, it should be pointed out that it is not mandatory that a District Judge make application for or receive the retirement benefits under the provisions of the Judicial Retirement Act as soon as he vacates his office as District Judge. On the contrary, in the instant case, the District Judge can occupy the office of County Judge after the expiration of his present term as District Judge so long as he does not make application for or receive the retirement benefits under the provisions of the Judicial Retirement Act. Further, after he vacates the office of County Judge he may then make application for and receive the compensation allowed a Retired District Judge under the provisions of the Judicial Retirement Act.

## SUMMARY

Section 40 of Article XVI of the Constitution of Texas prohibits a person eligible for retirement under the Judicial Retirement System from occupying the office of County Judge and, at the same time, receiving a retirement annuity under the provisions of Article 6228b, V.C.S.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General of Texas

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewer

By  *John Reeves*
    John Reeves
      Assistant

W. V. Geppert
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

JR:zt